IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHARON CAULDER,<br><br>    Defendant.<br>_____/ | No. CR 04-40016 CW<br><br>No. C 04-3912 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CORRECT SENTENCE AND VACATE/MODIFY FORFEITURE ORDER |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$185,830.08 IN NET PROCEEDS FROM THE SALE OF APARTMENT NUMBER D-3 OF THE PROJECT KNOWN AS "PANIOLO HALE", SITUATED AT KALUAKOI, ISLAND OF MOLOKAI, COUNTY OF MAUI, STATE OF HAWAII,<br><br>    Defendant.<br>_____/ | |

    On May 31, 2006, the Court sentenced Defendant Sharon Caulder to thirty months imprisonment.  In addition, the Court ordered

restitution to the bankruptcy trustee and to the IRS and ordered that the restitution be satisfied by the monies held in the forfeiture proceedings. Plaintiff United States moves to correct Defendant's sentence and to vacate/modify the forfeiture order. Defendant opposes the motion. Having considered all of the papers filed by the parties, the Court denies Plaintiff's motion.

## DISCUSSION

Federal Rule of Criminal Procedure 35(a) provides that, within seven days after sentencing, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Plaintiff argues that the Court is prohibited from ordering that forfeiture funds be used to satisfy a restitution obligation and thus Defendant's sentence should be corrected and the forfeiture order should be vacated and modified. It cites United States v. Bright, 353 F.3d 1114 (9th Cir. 2004). But Bright does not support Plaintiff's argument. First, Bright interpreted only the Mandatory Victim Restitution Act (MVPA), which is not at issue in this case; this case involves the standard restitution provisions found in the Victim Witness Protection Act (VWPA). The Court has more discretion under the VWPA than under the MVRA. See id. at 1121-23. Second, Bright involved funds that had already been forfeited. As Defendant notes, the funds here have not yet been forfeited, and Defendant was willing to give up her claim to the funds. Most importantly, Bright held only "that the district court was not required to attempt to transfer forfeited funds to Bright's victims." Id. at 1116. Bright did not hold that the court could not exercise its discretion. Here, the Court did exercise its

2

discretion, and there is nothing in Bright to support the government's argument that the Court clearly erred in doing so.

Nor do the other two cases cited by Plaintiff support its argument. In King v. United States, 152 F.3d 1200 (9th Cir. 1998), the court held that taxpayers who forfeited revenue from their marijuana operation could not claim loss deduction for the forfeited funds. United States v. A Group of Islands, 185 F. Supp. 2d 117 (D. P.R. 2001), is similarly inapposite.

Defendant's sentence need not be corrected; there was no clear error.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Correct Sentence and to Vacate/Modify Forfeiture (Docket Nos. 229 (04-40016) and 27 (04-4912)).

IT IS SO ORDERED.

Dated: 6/9/06

_____
CLAUDIA WILKEN
United States District Judge